IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN D. GORDON, M.D.;** : | **CIVIL NO. 1:CV-99-1100** |
| **ALAN D. GORDON, M.D., P.C.;** : | |
| **MIFFLIN COUNTY COMMUNITY** : | |
| **SURGICAL CENTER, INC.,** : | |
| : | |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **LEWISTON HOSPITAL,** : | |
| : | |
| **Defendant** : | |

# **M E M O R A N D U M**

The matter before the court arises out of litigation involving a dispute over whether various actions taken by Defendant with respect to Plaintiff Alan D. Gordon, M.D., and his employment constituted violations of the antitrust laws, and resulting in a judgment for Defendant. Defendant has filed a motion for attorneys' fees and costs and a motion for sanctions. Specifically, the court must determine whether Defendant is entitled to attorneys' fees or sanctions based on Plaintiffs' claims or conduct during the course of the litigation, which included a non-jury trial. Because Defendant fails to establish that Plaintiffs' claims or conduct support a finding of frivolousness or bad faith, the court will deny both motions.

## I. Procedural History

On February 2, 2000, Plaintiffs filed an amended complaint against Defendant Lewistown Hospital ("the Hospital"), alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. As a result of summary judgment decisions, the only issues left for trial were those asserted in Counts I, II and III of the amended complaint. A non-jury trial on these issues was conducted between April 3 and April 23, 2002. Following the conclusion of the non-jury trial and post-trial briefing, judgment was entered on July 11, 2003, in favor of the Hospital on all counts of the amended complaint. On July 25, 2003, the Hospital filed a motion for attorneys' fees and costs and a motion for sanctions. Plaintiffs filed an appeal on August 8, 2003 and, thereafter, this court stayed the briefing and disposition of the Hospital's motions pending appeal.

This court's judgment was affirmed by the Third Circuit Court of Appeals by mandate filed November 17, 2005. Plaintiffs' petition for rehearing and petition for writ of certiorari were subsequently denied. By order dated June 27, 2006, this court lifted the stay on the Hospital's motions and set forth a briefing schedule for those motions. The motions are now ripe for disposition.

## II. Discussion

### A. Motion for Attorneys' Fees

#### 1. Standard Under 42 U.S.C. § 11113

The decision whether to award attorneys' fees under 42 U.S.C. § 11113 "lies in the discretion of the district court." *Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624, 628 (2006). In order to recover under § 11113, prevailing defendants

must establish "(1) that they are the among the persons covered by § 11111; (2) that the standards set in § 11112(a) were followed; (3) that they substantially prevailed; and (4) that [plaintiff's] claims or conduct during the litigation were frivolous, unreasonable, without foundation or in bad faith." *Id.* at 642; *see* 42 U.S.C. § 11113.

### 2. The Parties' Arguments

The parties do not appear to dispute the first three requirements of recovery under § 11113 but instead focus on the fourth requirement – specifically whether the "frivolous" or "bad faith" requirements were met. The Hospital's argument is that Plaintiffs' "true motivation" for the litigation was to bankrupt the Hospital through astronomical legal expenses, which establishes sufficient bad faith to warrant granting it attorneys' fees. Plaintiffs attempt to link the concept of bad faith to frivolousness and argue that, even though their claims were ultimately unsuccessful, they were not frivolous and therefore fail to satisfy a "frivolous and bad faith" standard. Plaintiffs' interpretation that the frivolous and bad faith elements are intertwined is incorrect. Nor is the court completely convinced by Defendant's argument that, even if the claims are not frivolous here, there is a subjective intent that alone satisfies the bad faith standard and justifies attorneys' fees.

### 3. Statutory Construction and Plaintiffs' Interpretation that Bad Faith Cannot Exist Absent a Finding of Frivolousness

Plaintiffs' argument that the frivolousness and bad faith elements are linked is inconsistent with basic principles of statutory construction. Section 11113 provides:

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith. For the purposes of this section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive or declaratory relief.

42 U.S.C. § 11113.

The statute references the claim and "the claimant's conduct during litigation of the claim" distinctly, by using commas and the disjunctive "or" to separate them. Thus, the court may award attorneys' fees if either the claim itself, *or* the plaintiff's conduct in litigating that claim, independently meet the other requirements of § 11113. Similarly, the statute separates the elements that support an award of attorneys' fees by commas and with the disjunctive "or." Accordingly, frivolousness and bad faith are to be considered independently of one another and bad faith may exist even when a claim is not frivolous. In light of this statutory analysis, Plaintiffs' arguments to the contrary are unavailing.

It is noted that the authority Plaintiffs rely upon to support their position deals with Federal Rule of Civil Procedure 11 sanctions. Although Rule 11 may provide some analogous authority with respect to how courts have interpreted the meaning of the terms "frivolous" or "bad faith," the court's use of such authority must still comport with the language and purpose of § 11113.

### 4. **The Hospital's Interpretation that Plaintiffs' Revengeful Purpose Provides a Sufficient Basis for Awarding Attorneys' Fees**

Interestingly, the Hospital also relies upon a Rule 11 sanctions case, *Smith v. Prudential Ins. Co. of Am.*, Case No. 98 C 5903, 2000 U.S. Dist. LEXIS 6003 (N.D. Ill. May 1, 2000), to support its argument that Plaintiffs' true purpose alone is sufficient to justify attorneys' fees. The district court in *Smith* imposed sanctions even though the plaintiff's claim was not frivolous because it found that plaintiff's "conduct demonstrate[d] that he pursued [his] case not to vindicate his rights, but to harass [defendant]." *Id.* at *17. The court based its finding on the plaintiff's statement in his deposition:

> I'm saying that I know that if Prudential had a thousand openings, this case could not be won because of the way the law is structured when Congress wrote it, and no human resource person is going to say they're going to discriminate. So I just want Prudential to know at least I'm going to bleed them of their resources . . . . Yeah, like I say, I hope Prudential gets billed – because that's the only way you can get them is thought [*sic*] the Internet you know, embarrassing them and that."

*Id.* at *18-19.

Defendant compares the *Smith* court's assessment of the plaintiff's true motivations to this court's statements in its Findings of Fact regarding Dr. Gordon's credibility:

> Additionally, during trial, evidence was presented indicating the true motivation for the instant action – Dr. Gordon's desire to ruin the Hospital by dragging it through protracted and expensive litigation. In this respect, Dr. Ridings, the current President of the Hospital's Medical-Dental Staff, testified at trial:
>
> Q. Dr. Ridings, has Dr. Gordon made statements to you regarding his desire and goals with respect to the Lewistown Hospital?

> A: Yes, he has.
>
> Q: And what has he said to you, sir?
>
> A: He has told me several times when we were still friendly that his only goal regarding Lewistown Hospital was to cause it to fail and fold and close.
>
> Finally, Dr. Gordon's disruptive conduct after his termination is consistent with this goal.

*Gordon v. Lewistown Hospital*, 272 F. Supp. 2d 393, 413-414 (M.D. Pa. 2003). Based on this evidence, the court found that "Dr. Gordon's testimony regarding his behavior, and the Hospital's reaction to it, [could not] be trusted." *Id.* at 414.

The instant circumstances are distinguishable from those of *Smith* partly because in *Smith*, the plaintiff made a direct statement regarding his subjective motivation in litigating his claim. Mr. Smith stated that he subjectively did not believe that he could win and that he litigated purely to harm the defendant. Moreover, Mr. Smith's deposition testimony seemed to convey a broad intent to use the Internet or other means to "embarrass" the defendant. *Smith*, 2000 U.S. Dist. LEXIS 6003, at *18-19. That broad intent is not present in the case at bar.

Here, the testimony as to Dr. Gordon's intent came from another person and was used by the court to assess Dr. Gordon's credibility. Although the distinction may be subtle, it provides a fair basis for finding that the evidence diminished credibility but does not establish bad faith for the purposes of § 11113. Moreover, it is important that Mr. Smith subjectively felt that his claim could not win, whereas the evidence of Dr. Gordon's motivation fails to establish that he believed his claim could not succeed. The court recognizes this is also a subtle difference.

6

In this regard, Plaintiffs argue that the bad faith standard is not met unless a claim is "baseless, *known to be baseless*, and motivated by improper purpose." (Doc. 374 at 11.) The cases cited by Plaintiffs in support of this argument are factually distinguishable and do not clearly support this rationale. *See Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809 (3d Cir. 1992) (reversing trial court's award of attorney's fees as sanction where inherent power argument conflicted with reasoning of earlier Rule 11 determination); *Lichtenstein v. Lichtenstein*, 481 F.2d 682, 684 (3d Cir. 1973) (denying request for attorneys' fees where appellant's exceptions to certain findings were justified based on finding that agreement was vague and ambiguous)). The court agrees, however, that the subjective element is important and that it is the subjective knowledge or belief that litigation cannot succeed that crosses the line into § 11113 bad faith. Feelings of hostility or revenge are not uncommon in adversarial proceedings. To find bad faith on the existence of such feelings alone, absent some indication that those feelings fuel litigation, believed to be baseless, just for the sake of litigation, would seem to warrant attorneys' fees in almost every case.

### 5. Underlying Rationale of Health Care Quality Improvement Act

The purpose of the Health Care Quality Improvement Act ("HCQUIA") and § 11113 itself are also instructive. Section 11101 of HCQUIA sets forth the Congressional findings that established the need for a statute aimed at improving quality standards for medical care and implementing peer review to remedy nationwide problems connected with the quality of medical care. The provision recognizes that typical antitrust provisions allowing for treble damages could discourage peer review and specifically provides, in relevant part, that "[t]here is an

overriding national need to provide incentive and protection for physicians engaging in effective professional peer review." 42 U.S.C. § 11101.  The purpose of § 11113, viewed in the context of § 11101 is, thus, to discourage the kind of litigation that is so baseless that the cost of litigating would discourage people from serving on peer review panels.  This concept is a guiding factor in the court's consideration of this case.  Within that context, and in light of the above analysis, this court will deny the request for attorneys' fees and costs under § 11113.

### B. Motion for Sanctions

The Hospital seeks to recover sanctions in the form of reasonable attorneys' fees and costs in defense of claims that were unrelated to any challenged professional review action.  This alleged conduct includes the following: (1) Dr. Gordon was refused permission to perform outpatient cataract surgery at Dr. Everhardt's Endoscopy Center, *Gordon*, 272 F. Supp. 2d at 410; (2) the Hospital opposed Dr. Gordon's application for a Certificate of Need ("CON") for the Surgi-Center, *id.*; (3) the Hospital's alleged delay in signing a transfer agreement with the Surgi-Center, *id.* at 411-12; and (4) the Hospital's alleged efforts to discourage other physicians from practicing at the Surgi-Center, *id.* at 412-13.

The Third Circuit has held that "a prerequisite for the exercise of the district court's inherent power to sanction is a finding of bad faith conduct." *Landon v. Hunt*, 938 F.2d 450, 454 (3d Cir. 1991).  These arguments parallel the frivolous and bad faith arguments articulated with respect to the filing of the law suit.  To the extent that the court found that the suit itself was not frivolous and that there were close issues, the fact that there may have been less worthy issues pursued does not provide an alternative basis for imposing attorneys fees under the mantle of

the "inherent powers of the court." The court is mindful of the fact that such powers are to be used sparingly and only when necessary to punish "conduct which abuses the judicial process." *Chambers v. Nasco*, 501 U.S. 32, 44 (1991). This conduct, as well as Plaintiffs' pursuit of the litigation up to and through trial does not provide an alternative basis for imposing attorneys' fees.

### III. Conclusion

The Hospital's motions for attorneys' fees and costs and sanctions will be denied. An appropriate order will be issued.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: September 28, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN D. GORDON, M.D.;** <br> **ALAN D. GORDON, M.D., P.C.;** <br> **MIFFLIN COUNTY COMMUNITY** <br> **SURGICAL CENTER, INC.,** <br>     **Plaintiffs** <br><br>   v. <br><br> **LEWISTON HOSPITAL,** <br>     **Defendant** | **CIVIL NO. 1:CV-99-1100** |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motions for attorneys' fees and costs pursuant to 42 U.S.C. § 11113 and Federal Rule of Civil Procedure 54(d)(2)(B), and under the inherent powers of the court are **DENIED**.

                                                                                                      s/Sylvia H. Rambo
                                                                                                      SYLVIA H. RAMBO
                                                                                  United States District Judge

Dated: September 28, 2006.